FILED
JUL 1 3 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST MATTHEW GREELEY, JR., )
)
Petitioner, )
) Case: 1:15-cv-01098   G Deck
) Assigned To : Unassigned
v. ) Assign. Date : 7/13/2015
) Description: Habeas Corpus/2241
THE UNITED STATES GOVERNMENT, )
)
Respondent. )
)

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus.

The petitioner is serving a term of imprisonment imposed by the Superior Court of the District of Columbia. *See* Pet. at 2. He alleges ineffective assistance of defense counsel, *see generally id.* at 7-8, and based on counsel's advice the petitioner entered a guilty plea, *see id.* at 8. The petitioner believes that the conviction and sentence are in error, *see id.*, and he demands his release from custody, *see id.* at 9.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the



Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). The petitioner has no recourse in this federal district court, and, therefore, his habeas petition will be denied. An Order accompanies this Memorandum Opinion.

DATE:

7/9/15

_____
United States District Judge